Nos. 20-35752, 20-35881

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

GLORIA JOHNSON; JOHN LOGAN, individuals, on behalf of themselves and all others similarly situated,

*Plaintiffs-Appellees*,

v.

CITY OF GRANTS PASS,

*Defendant-Appellant*.

On Appeal from the United States District Court for the District of Oregon
Case No. 1:18-cv-01823-CL | The Honorable Mark D. Clarke

**DEFENDANT-APPELLANT'S MOTION TO STAY MANDATE**

Aaron P. Hisel
CAPITOL LEGAL SERVICES
901 Capitol Street NE
Salem, OR 97301
Telephone: (503) 480-7250

Theane Evangelis
Bradley J. Hamburger
Samuel Eckman
Daniel R. Adler
Patrick J. Fuster
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000

*Attorneys for Defendant-Appellant City of Grants Pass*

## MOTION TO STAY MANDATE

Under Federal Rule of Appellate Procedure 41(d)(1), Defendant-Appellant City of Grants Pass respectfully moves this Court to stay issuance of the mandate pending the filing of a timely petition for a writ of certiorari and its disposition by the Supreme Court.

This Court may stay the mandate when a petition for certiorari "would present a substantial question and . . . there is good cause for a stay." Fed. R. App. P. 41(d)(1). "No exceptional circumstances need be shown to justify a stay." *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528 (9th Cir. 1989). On the contrary, a stay may be granted so long as the petition for a writ of certiorari would be neither "frivolous" nor "filed merely for delay." 9th Cir. R. 41-1. The consequence is that it "is often the case" that "the appellate mandate [is] stayed while [a party] s[eeks] certiorari from the Supreme Court." *United States v. Pete*, 525 F.3d 844, 850 (9th Cir. 2008). This case meets both Rule 41(d) requirements to stay the mandate pending a petition for certiorari.

*First*, the City's petition will present a substantial question: whether this Court correctly interpreted the Eighth Amendment in *Martin v. City of Boise*, 920 F.3d 584 (9th Cir. 2019), and the decision

1

here. The panel dissent urged that "both *Martin* and today's decision should be overturned or overruled at the earliest opportunity, either by this court sitting en banc or by the U.S. Supreme Court." Amended Opn. at 92 (Collins, J., dissenting). Falling one vote short of heeding that call, thirteen active judges and four senior judges—across five separate writings—favored en banc rehearing in this case. *Id.* at 113 (O'Scannlain, respecting denial of rehearing en banc); *id.* at 130 (Graber, J., respecting denial of rehearing en banc); *id.* at 132 (M. Smith, J., dissenting from denial of rehearing en banc); *id.* at 150 (Collins, J., dissenting from denial of rehearing en banc); *id.* at 154 (Bress, J., dissenting from denial of rehearing en banc).

The question presented will be as substantial before the Supreme Court as it was before this Court. *See* S.Ct. R. 10 (setting forth criteria for certiorari). To start, there is a substantial dispute over the proper interpretation of the Supreme Court's fractured decision in *Powell v. Texas*, 392 U.S. 514 (1968). *Compare* Amended Opn. at 47–51 with *id.* at 90–91 (Collins, J., dissenting), *id.* at 123–26 (O'Scannlain, J., respecting denial of rehearing en banc), *and id.* at 137–38 (M. Smith, J., dissenting from denial of rehearing en banc). There is substantial reason to doubt

2

that the text, history, or tradition of the Eighth Amendment could support *Martin* and this decision if Supreme Court precedent does not. *See id.* at 118–23 (O'Scannlain, J., respecting denial of rehearing en banc). There is substantial divergence between this Court and other "federal circuit [and] state supreme court[s]" on the application of the Eighth Amendment to public camping. *Id.* at 124–25. And there is no dispute that, however the question presented should be resolved, "it is crucial" to "get it right" given the exceptional importance of the homelessness crisis. *Id.* at 131–32 (Graber, J., respecting denial of rehearing en banc).

*Second*, there is good cause to stay the mandate pending the disposition of the City's petition. Fed. R. App. P. 41(d)(1). This Court remanded this case to the district court to decide three issues: (i) whether to substitute a new class representative to raise a challenge to another ordinance, Amended Op. at 33; (ii) how to modify the existing injunction to account for this Court's ruling on the camping ordinance, *id.* at 54; and (iii) whether to modify the existing injunction as to the park exclusion ordinance, *id.* at 54 n.36. This Court should preserve the status quo while the City seeks further review in the Supreme Court—an approach that

3

will protect the parties from the time, cost, and uncertainty of litigating the same basic issue in two forums at the same time. *Cf. Coinbase, Inc. v. Bielski*, 599 U.S. \_\_\_, 2023 WL 4138983, at \*4 (2023) (reasoning similarly for stays pending appeal). The district court's injunction will remain in place pending the disposition of the City's forthcoming petition for certiorari and, if the Supreme Court grants review, pending its decision.

Plaintiffs do not oppose this motion to stay the mandate on the understanding that their deadline to seek attorney's fees will be stayed or extended. The City has no objection to an extension of the deadline under Circuit Rule 39-1.6.

Dated: July 11, 2023       Respectfully submitted,

s/ *Theane Evangelis*
Theane Evangelis

*Attorneys for Defendant-Appellant
City of Grants Pass*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) and the length-limit limitation of Circuit Rule 27-1(1)(d) because it contains 761 words and is 4 pages, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f). This motion complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in 14-point New Century Schoolbook type.

Dated: July 11, 2023                    s/ *Theane Evangelis*
                                        Theane Evangelis